

# MEMO ENDORSED

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

STUART E. JACOBS
phone: (212) 788-0899
fax: (212) 788-9776
email: sjacobs@law.nyc.gov



April 14, 2008

BY HAND ONLY
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

Re: Benjamin v. City of New York et al., 08 CV 2917 (CM)

Dear District Judge McMahon:

     I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York assigned to the above-referenced case. I am writing with the consent of plaintiff's counsel, David Segal, Esq., to respectfully request (1) that the City be granted a sixty-day enlargement of time, from April 15, 2008 to June 16, 2008, to answer or otherwise respond to the complaint, and (2) that the initial conference currently scheduled for May 16, 2008 at 11:00 a.m., be adjourned to a later date. This is City's first request for an enlargement of time in this action.

     The complaint alleges, *inter alia*, that plaintiff was subjected to excessive force, and that his due process rights were violated. In addition to the City of New York, plaintiff purports to name Correction Officers Lance and Jones defendants.[1] Before this office can adequately

---

[1] On information and belief, it does not appear that service of the summons and complaint in this action on the individual defendants has been completed. Without appearing on their behalf, I also respectfully request that the individually named defendants' time to answer or otherwise respond to the complaint also be extended until June 16, 2008.

respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

Moreover, the enlargement will allow us to ascertain whether the individually named officers have been properly served. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendants. The named defendants must each then decide whether he/she wishes to be represented by this office. If so, we must obtain his/her written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Additionally, the City respectfully requests that the initial pre-trial conference, scheduled for May 16, 2008 at 11:00 a.m., be adjourned until a date after defendants serve their answer or otherwise respond to the complaint. I have spoken to David Segal, Esq., and he consents to adjourning the pre-trial conference.

Thank you for your consideration in this regard.

Respectfully submitted,

Stuart Jacobs (SJ 8379)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   BY FAX
      (212) 571-0938
      David Segal, Esq.
      30 Vesey St., Room 900
      New York, NY 10007

2