UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JARMAL BENJAMIN,

                        Plaintiff,

      -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, CORRECTION
OFFICER LANCE, CORRECTION OFFICER JONES,
CORRECTION OFFICER JOHN DOE #1 AND
CORRECTION OFFICER JOHN DOE #2,

                        Defendants.

------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

08 CV 02917 (CM)

JURY TRIAL DEMANDED

        Defendant City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, upon information and belief, as follows[1]:

        1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

---

[1] On information and belief, the individuals identified in the caption of the Complaint as Correction Officer Lance and Correction Officer Jones have not yet been served with the Complaint in this action, and therefore are not defendants at this time.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that the City of New York is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York is a municipal corporation, that the City of New York maintains the New York City Department of Correction, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Department of Correction.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that Correction Officer Dwayne Lance is employed by the City of New York as a Correction Officer with the New York City Department of Correction.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that Correction Officer James Jones is employed by the City of New York as a Correction Officer with the New York City Department of Correction.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that Correction Officer Dwayne Lance and Correction Officer James Jones are employed by the City of New York as a Correction Officers with the New York City Department of

Correction and were assigned to the Bronx County Courthouse, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to the unidentified defendants.

12. Paragraph "12" of the Complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

13. Denies the allegations set forth in paragraph "13" of the Complaint and all its subparts therein, except admits that on January 17, 2007 at plaintiff was present at the Bronx County Courthouse.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. In response to the allegations set forth in paragraph "15" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "14" of this answer as if fully set forth herein.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. In response to the allegations set forth in paragraph "19" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "18" of this answer as if fully set forth herein.

20. Denies the allegations set forth in paragraph "20" of the Complaint and all its subparts therein.

21.     Denies the allegations set forth in paragraph "21" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "John Doe" officers, and state that the allegations concerning acting under color of state law and within the scope of employment set forth conclusions of law rather than averments of fact to which no response is required.

22.     In response to the allegations set forth in paragraph "22" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "21" of this answer as if fully set forth herein

23.     Denies the allegations set forth in paragraph "23" of the Complaint, except Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "John Doe" officers.

24.     Denies the allegations set forth in paragraph "24" of the Complaint, except Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "John Doe" officers.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

25.     The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

26.     Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

27.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the

City of New York is not responsible, and was not the proximate result of any act of the defendant City.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

28. Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

29. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

30. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

31. This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

32. Plaintiff may have failed to comply with the provisions of New York General Municipal Law § 50-e and § 50-i.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

33. To the extent the Complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

34. Plaintiff may have failed to exhaust his administrative remedies.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

35. The New York Department of Correction is not a suable entity.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        June 19, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendant City of New York
                              100 Church Street
                              New York, New York 10007
                              (212) 788-0899

                              By: _____
                                     Stuart E. Jacobs
                                     Assistant Corporation Counsel

To:   **BY ECF**
      David Segal, Esq.
      Attorney for Plaintiff
      30 Vesey Street, Suite 900
      New York, NY 10007

08 CV 02917 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JARMAL BENJAMIN,

                                 Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTION, CORRECTION OFFICER LANCE, CORRECTION OFFICER JONES, CORRECTION OFFICER JOHN DOE #1 AND CORRECTION OFFICER JOHN DOE #2,

                                Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Stuart E. Jacobs*
*Tel: (212) 788-0899*

*Due and timely service is hereby admitsed.*

*New York, N.Y. ............................................., 2008*

*............................................................... Esq.*

*Attorney for ......................................................*